## Redditt v. Seltzer.

*Pleading — Affidavit of defence — Reply to set-off and counter-claim — Denial—Practice Act, 1915.*

Under the Practice Act of May 14, 1915, P. L. 483, the plaintiff in his reply to a set-off or counter-claim set up in the affidavit of defence should answer specifically each allegation of fact which he does not admit; the word "denied," without further explanation as to whether the denial applies to the entire paragraph or, if not, to which of the allegations contained therein, is insufficient.

Rule for judgment against plaintiff for want of a sufficient reply to defendant's set-off and counter-claim. C. P. No. 5, Phila. Co., March T., 1924, No. 3201.

*Orr & Hall,* for plaintiff; *J. R. Wilson,* for defendant.

MARTIN, P. J., July 25, 1924.—Suit was instituted by plaintiff to recover compensation for services as an architect. Defendant filed an affidavit of defence to the statement of claim, and also filed a counter-claim, in which he alleged that plaintiff requested him to permit plaintiff to prepare plans and specifications for the erection of a garage, and represented that he could secure a contractor to erect the garage in a good and workmanlike manner at a cost of not over $40,000; that plaintiff agreed to prepare the plans, drawings, sketches and specifications and give all lines, grades, measurements, &c., secure a satisfactory bid at a price of not over $40,000, and supervise the construction and erection of the garage in a good and workmanlike manner, for which services defendant agreed to pay 6 per cent. of the cost; that plaintiff entered upon the work, and defendant employed contractors to construct the garage; but plaintiff failed, neglected and refused to supervise the erection and construction of the garage, and so negligently, carelessly and improperly prepared the plans, drawings and specifications that defendant was compelled to discharge him. It was further alleged that, by reason of plaintiff's failure to use due skill and care in the preparation of the sketches and specifications, defendant was required to reinforce brick piers at an additional cost of $138.50; to increase the stone concrete mix at a cost of $480; that he failed to obtain a credit to which defendant was entitled for a forty-foot foundation

wall, and, upon discovery of his error, promised to refund to defendant $237; that defendant was obliged to increase the height of fire-walls, which required an expenditure of $10,000, and to have detailed plans, sketches, drawings and measurements made for contractors at a cost of $445.44; was compelled to put on the top of sixteen concrete column footings sixteen steel plates that cost $95; to place a curved ceiling in the front of the building and a special ceiling in the show-room, requiring an expenditure of $1175 in excess of the price given to defendant by plaintiff; to place an additional roof drain in front of the building, which cost $85; and to close the roof openings with steel sash and glass at a cost of $190. The total claim amounts to $3845.94, with interest, which defendant alleges he was compelled to expend by reason of plaintiff's refusal to supervise the construction of the garage and use due skill and care in the preparation of the sketches and specifications.

Plaintiff, in his reply to the counter-claim, denies that he requested defendant to permit him to prepare plans and specifications for the construction of the garage, and avers that defendant requested him to make the plans and drawings, and that he stated in a letter addressed to defendant, a copy of which is annexed to the reply, the terms and conditions upon which a garage and salesroom could be erected on the premises designated by defendant; that he agreed to prepare plans, drawings and specifications, but did not agree to give all lines, grades and measurements; that he agreed to perform the usual architectural services in seeing that the erection of the building was conducted in accordance with the specifications; and he denies that he failed, neglected or refused to supervise the erection and construction of the garage, but, on the contrary, alleges that his work in connection therewith was not negligent, careless or improper, either in supervision or preparation and lay-out of plans and specifications, and denies that he was discharged for the reasons alleged by defendant.

The charges in the set-off and counter-claim are stated in fourteen separate paragraphs. In the answer filed by plaintiff, he specifically denies the averments of the first four paragraphs of the set-off and counter-claim; but as to paragraphs five to fourteen, inclusive, plaintiff answers "denied," without further explanation as to whether the denial applies to the entire paragraph, or, if not, to which of the allegations contained in the paragraph. That "denied" is not a compliance with the rule of pleading which demands a specific answer to the averments of the counter-claim will appear by reference to the fifth paragraph of the set-off and counter-claim, in which it is alleged that, "owing to plaintiff's failure to use due skill and care in the preparation of the pencil sketches and specifications of the two centre brick piers on the Broad Street front of said building on each side of the entrance door, defendant was compelled to reinforce the said two centre brick piers by adding an additional four-inch brick pilaster to the back of each column, and also to further reinforce said two centre brick piers by the placing and attaching to the back of each of said two brick piers channel beams twelve inches wide by twenty-three feet in length. That defendant was compelled to enclose said steel channels with wire lath and plaster, the additional cost of which was $138.50." Pleading "denied" without further elaboration may put at issue the question of the exercise of skill and care by plaintiff, or that the alleged additional work was done and the expenditure made, or that it was not made because of plaintiff's dereliction.

The same criticism applies to the other paragraphs, as to all of which "denied" does not inform defendant of the issue he is to meet when the case is tried.

In the reply to defendant's set-off and counter-claim, plaintiff should answer specifically each allegation of fact that he does not admit.

And now, to wit, July 25, 1924, it appearing that the answer to the set-off and counter-claim is insufficient, leave is granted plaintiff to file an amended answer within fifteen days, in default of which judgment will be entered in favor of defendant on the set-off and counter-claim.